UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: Michael D. Burgess

    Debtor(s),
_____/

MICHAEL D. BURGESS,

    Plaintiff,

vs

LEE ACCEPTANCE CORP., ET AL,

    Defendants.
_____/

Case No: 08-13713
Honorable Victoria A. Roberts

Case No: 08-20700-dob
Chapter 7
Honorable Daniel Opperman
Adversary: 08-02058

## OPINION AND ORDER

**I.  INTRODUCTION**

This matter is before the Court on Defendants Lee Acceptance Corporation ("Lee Acceptance") and Thomas Hockings' (collectively "Defendants") "Motion to Withdraw Bankruptcy Reference." (Doc. #1). Defendants ask the Court to withdraw Plaintiff Michael D. Burgess's ("Burgess") Complaint from the Bankruptcy Court.

Defendants' motion is **GRANTED IN PART AND DENIED IN PART**.

**II.  FACTS AND PROCEDURAL HISTORY**

Burgess is indebted to the Kirby Company of East Detroit. Lee Acceptance is an assignee of the debt.

On February 6, 2004, Lee Acceptance obtained a $4,873.49 judgment against Burgess. On September 5, 2007, Lee Acceptance obtained a "Request and Writ for

1

Garnishment (Income Tax Refund/Credit)." Lee Acceptance was authorized to intercept Burgess's state tax refund. On January 16, 2008, Lee Acceptance obtained a "Request and Order to Seize Property." The 19th District Court ordered a Sheriff, Deputy Sheriff, or Court Officer to seize and sell all vehicles registered to Burgess's property.

Defendant Victor Lotycz ("Lotycz"), a Court Officer/Deputy Sheriff, executed the writ to seize property on February 20, 2008. Burgess alleges that while executing the writ, Lotycz: (1) refused multiple requests to leave Burgess's home; (2) hit him with his forearm; and (3) forced him to surrender $1,600.00 cash.

Burgess filed a Chapter 7 Bankruptcy Petition on March 10, 2008. On May 20, 2008, Burgess filed a Complaint in the Bankruptcy Court that alleges: (1) a violation of the Fair Debt Collection Practices Act ("FDCPA"); (2) a violation of the Michigan Collection Practices Act ("MCPA"); (3) the $1,600.00 cash he surrendered was a preferential transfer contrary to 11 U.S.C. §547(b); (4) Defendants are liable for $1,600.00 pursuant to 11 U.S.C. §550(a), if the Court finds the preferential transfer can be avoided; (5) Defendants violated 11 U.S.C. §362(a); and (6) assault and battery. Burgess requests attorney fees and costs and makes a jury demand.

On June 11, 2008, Defendants returned $1,000.00 to Burgess ($600.00 was retained for Lotycz's fees and costs). On June 13, 2008, Defendants filed a motion to dismiss Burgess's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). The Bankruptcy Court heard oral argument on July 31, 2008, and denied the motion on August 1, 2008 for the reasons stated on the record.

Defendants filed this motion on August 28, 2008. Burgess did not respond.

### III.    APPLICABLE LAW AND ANALYSIS

Congress authorized district courts to refer "any or all" bankruptcy related proceedings to bankruptcy judges for their district. 28 U.S.C. §157(a). Consistent with this directive, Eastern District of Michigan Local Rule 83.50(a)(1) says, "[u]nless withdrawn by a district judge, all cases under Title 11 of the United States Code and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 are referred to bankruptcy judges." Pursuant to 28 U.S.C. §157(d):

> The district court *may* withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court *shall*, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

(emphasis added).

### A.    Permissive Withdrawal

The Court may withdraw Burgess's Complaint, in whole or in part, "for cause shown." Because neither 28 U.S.C. §157(d) nor the Sixth Circuit defines "for cause shown," *In re Skyline Concrete Floor Corp.*, 2008 WL 114462 at *2 (E.D. Mich. Jan. 8, 2008) (citing *Venture Holdings Co., LLC v. Millard Design Australia Pty., Ltd.*, 2006 WL 800806 (E.D. Mich. March 6, 2006)), the Court follows other circuits. It considers six factors to determine if sufficient "cause" exists to withdraw Burgess's Complaint:

(1) whether the claim is core or non-core;
(2) what is the most efficient use of judicial resources;
(3) what is the delay and what are the costs to the parties;
(4) what will promote uniformity of bankruptcy administration;
(5) what will prevent forum shopping; and
(6) other related factors.

*See In re Skyline Concrete Floor Corp.*, 2008 WL 114462 at *2 (citing *In re Burger Boys,*

3

*Inc.*, 94 F.3d 755, 762 (2nd Cir. 1996)). "Of these factors, the first is the most important." *Id.*

### 1.   Core or Non-Core

"If the proceeding does not invoke a substantive right created by federal bankruptcy law and is one that could exist outside of the bankruptcy, then it is not a core proceeding." *In re Wolverine Radio Co.*, 930 F.2d 1132, 1144 (6th Cir. 1991) (citing *In the Matter of Wood*, 825 F.2d 90, 97 (5th Cir. 1987)).

The Court agrees with Defendants that Burgess's FDCPA, MCPA, and assault and battery claims are non-core. Those claims could exist outside of the bankruptcy. *See id.*

However, Burgess's claims under 11 U.S.C. §§ 362(a), 547(b), and 550(a) are core. Those claims "invoke a substantive right created by federal bankruptcy law." *See id.*; *see also* 28 U.S.C. §157(b)(2)(F) ("Core proceedings include . . . proceedings to determine, avoid, or recover preferences").

This factor weighs in favor of withdrawing Burgess's FDCPA, MCPA, and assault and battery claims, but allowing Burgess's Title 11 claims to proceed in the Bankruptcy Court.

### 2.   Efficient Use of Judicial Resources

Important to the second factor is Burgess's jury demand. *See In re Skyline Concrete Floor Corp.*, 2008 WL 114462 at *2. Bankruptcy courts may conduct jury trials in core proceedings, if applicable. *In re Corango Res., Ltd.*, 1990 WL 112417 at *4 (E.D. Mich. May 2, 1990) ("bankruptcy courts have a special expertise in [core] matters

4

which would ensure both accuracy and fairness in the proceedings"); see also E.D. Mich. L. R. 83.50(a)(1) ("The court intends to give bankruptcy judges the broadest possible authority to administer cases and proceedings within their jurisdiction"); E.D. Mich. L.R. 83.50(a)(2) ("Under 28 U.S.C. §157(b)(1), bankruptcy judges will hear and determine all . . . core proceedings . . . and will enter appropriate orders and judgments[.]").

Conversely, bankruptcy courts may not conduct jury trials in non-core proceedings absent the Court's authorization and the express consent of all parties. 28 U.S.C. §157(e) ("If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties").

Defendants have the burden to prove withdrawal is proper. See In re MRC Indus. Group, Inc., 2006 WL 5737323 at *1 (E.D. Mich. Aug. 17, 2006) (citing In the Matter of Vicars Ins. Agency, Inc., 96 F.3d 949, 955 (7th Cir. 1996)). They do not say Burgess agreed that the Bankruptcy Court could conduct a jury trial on his non-core claims, should those claims reach the trial level.

This factor weighs in favor of withdrawing Burgess's FDCPA, MCPA, and assault and battery claims, but allowing Burgess's Title 11 claims to proceed in the Bankruptcy Court.

### 3.   Delay and Costs to the Parties

The Court believes the withdrawal of Burgess's Complaint will not cause a substantial delay in the proceedings or a significant cost to the parties. The Bankruptcy

Court would simply close its case, and the case will proceed in this Court.

This factor weighs in favor of withdrawal.

### 4.     Uniformity of Bankruptcy Administration

Uniformity of bankruptcy administration is not an issue; Burgess's case is not one that has several companion cases. See *MQVP, Inc. v. Keystone Auto. Indus., Inc.*, 2007 WL 485226 at *2 (E.D. Mich. Feb. 7, 2007).

This factor weighs in favor of withdrawal.

### 5.     Forum Shopping

There are no forum shopping concerns. This factor weighs in favor of withdrawal.

### 6.     Other Related Factors

Defendants say the Court should withdraw Burgess's Complaint because the money received from the February 20th seizure was returned to Burgess, and the unrelated garnishment was released. The Court assumes Defendants are arguing that Burgess's Title 11 claims are no longer viable.

This factor weighs in favor of denying Defendants' request for withdrawal because the Bankruptcy Court denied Defendants' motion to dismiss. This necessarily means the Bankruptcy Court believes Burgess's Title 11 claims should proceed.

After balancing the above-mentioned factors, the Court exercises its discretion to withdraw Burgess's Complaint, in part. The Court withdraws Burgess's FDCPA, MCPA, and assault and battery claims.

### B.     Mandatory Withdrawal

6

Burgess's remaining three claims arise under Title 11. Thus, the mandatory withdrawal provision does not apply. See 28 U.S.C. §157(d) (a district court must withdraw a proceeding if the "resolution requires consideration of both title 11 *and other laws of the United States regulating organizations or activities affecting interstate commerce*") (emphasis added).

## IV.   CONCLUSION

Defendants' motion is **GRANTED IN PART AND DENIED IN PART**. Burgess's claims for: (1) assault and battery; (2) a violation of the Fair Debt Collection Practices Act; and (3) a violation of the Michigan Collection Practices Act will proceed in this Court. Burgess's Title 11 claims will proceed in the Bankruptcy Court.

/s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: September 25, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on September 25, 2008.

s/Linda Vertriest
Deputy Clerk

7